UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Dkt. No. 0102 1:13CR00001-JL |
| | ) | |
| ANGEL LAUREANO RIVERA | ) | |

### DEFENDANT ANGEL LAUREANO RIVERA'S MOTION FOR A *BOOKER* VARIANCE AND SENTENCING MEMORANDUM

Pursuant to FCrP 32 and LCrR 32.1(i), defendant Angel Laureano Rivera, through counsel, files this Motion for a *Booker* Variance and memorandum in support thereof. The undisputed Advisory Guideline Range (AGR) recommended by the probation officer in the Presentence Investigation Report (PSR) is 12 to 18 months for Counts One to Seven, and the minimum consecutive term of imprisonment required by statute, *i.e.,* two years, for Counts Eight to Thirteen;[1] the defendant's combined AGR imprisonment exposure is, therefore, 36 to 42 months. The defendant contends, however, that certain aspects of his personal history and characteristics justify imposition of a non-Guidelines sentence under *Booker* and [......] justifies a departure under U.S.S.G. § 5K1.1. When these matters are fully taken into account by the Court, the defendant believes that it will conclude that the combined AGR is greater than necessary to meet the purposes of sentencing found in 18 U.S.C. § 3553(a)(2)(A-D). The defendant urges the Court, therefore, to impose a sentence of: three months' imprisonment for Counts One to Seven, and of 24 months on each of Counts Eight through Thirteen, ordered to run concurrently with one another but consecutively to the sentence imposed for Counts One to Seven, to reach a combined sentence of 27 months' imprisonment; three years' supervised release with a special condition for vocational rehabilitation; full restitution; and, a special assessment of $1,300.

### History and Characteristics of the Defendant

The probation officer had done a creditable job of recounting the defendant's family history and his personal characteristics. It is clear therefrom that the defendant experienced a

---

[1] PSR, ¶ 61.

deeply deprived upbringing which left him unprepared for adulthood, the ramifications of which continue to this day.  The most noteworthy of these follow.

 The defendant's parents never married, and the defendant's father completely abandoned him.  (PSR, ¶ 50).

 The defendant was raised until age 16 by his mother, who was a heroin addict, and her relatives.  They were "strict, physically aggressive, and mentally abusive," and employed corporal punishment discipline measures which have left him bodily scarred.  (PSR, ¶ 50).

 At age 16, the defendant was sent to live with a maternal aunt in Brooklyn, NY.  This arrangement lasted approximately two months.  The defendant ran away and lived on the streets of New York City from age 16 to age 20.  (PSR, ¶ 50).  He abused marijuana and cocaine during this period but has largely been able to maintain sobriety since 1986.  (PSR, ¶ 56).

 The defendant is unschooled.  He taught himself to read and write in Spanish and has limited English fluency.  (PSR, ¶ 57).

 The defendant has limited marketable jobs skills from his work over the years in auto body repair.  (PSR, ¶ 58).

 The defendant has a moderate criminal record of several misdemeanor convictions, at least four of which were of domestic violence in nature.  (PSR, ¶¶ 36 – 41).

The foregoing clearly indicates that the defendant had a deeply dysfunctional upbringing which left him unprepared for adult life.  He has struggled in the community with some substance abuse and anger management issues.  These account for most of his encounters with law enforcement.[2]  He hopes to be able to end this cycle by acquiring marketable job skills for his future.

## The Defendant's Response to the Offense

The defendant's regret for involvement in the instant offense is […………………………..]

---

[2] The defendant does take issue with the probation officer's assertion in ¶ 78 of the PSR that his Criminal History Category (CHC) of II might under-represent the seriousness of his record or the likelihood that he will commit further crimes.  In order to find this, the Court must determine, according to U.S.S.G. § 4A1.3(a)(1), that the CHC "substantially" under-represents that history; the guideline subsequently lists five criteria for this determination, *four of which the defendant does not meet*.  The defendant points out that all of his convictions were either misdemeanors or less, four or which were domestic violence related and one of which was a DWI.  There are no felony convictions.  Under these circumstances, it cannot be reasonably concluded, the defendant submits, that his CHC II under-represents that history or the likelihood that he will commit further crimes.

The defendant urges the Court to accord the defendant the maximum reasonable benefit under these criteria.

Analysis in Light of 18 U.S.C. § 3553(a)(2)(A-D) Sentencing Purposes

Before imposing sentence, the Court is obligated to address the sentencing purposes recounted in 18 U.S.C. § 3553(a)(2)(A-D).  An analysis of this case in light of those purposes follows.

>   *(A)  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

The defendant does not dispute the fact that a sentence of imprisonment must be imposed in order to meet this purpose.  Some mitigation of that punishment should be recognized, however, on the basis of the deeply dysfunctional upbringing the defendant endured […………..]

>   *(B)  To afford adequate deterrence to criminal conduct.*

Clearly, a sentence of imprisonment – in this case in excess of two years – will deter others from so acting.

>   *(C)  To protect the public from further crimes of the defendant.*

The defendant will be protected from further crimes of the defendant while he is imprisoned and during his three-year term of supervised release.  The probation office will presumably supervise the defendant closely and implement measures, *i.e.,* vocational rehabilitation, which will make it even less likely that he will reoffend.

>   *(D)  To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

The training the defendant is most in need of is vocational in nature.  Every effort should be made, both while he is in custody and when he is on supervision, to assist the defendant in this regard.

## Recommendation

For all of the above reasons, the defendant urges the Court to consider imposing a non-Guidelines sentence under *Booker* and according the defendant the maximum benefit possible

under U.S.S.G. § 5K1.1.  The defendant respectfully requests imposition of the following sentence:

Three months imprisonment for Counts One – Seven;

24 months' imprisonment for Counts Eight – Thirteen, concurrent with one another but consecutive to the sentence imposed for Counts One – Seven, all resulting in a total term of imprisonment of 27 months;

A judicial recommendation to the Bureau of Prisons for vocational training while confined;

Three years' supervised release with a special condition for vocational counseling;

Full restitution;

Special Assessment of $1,300.

                                            Respectfully submitted,
                                            Angel Laureano Rivera
                                            By his attorney,

DATE:       September 17, 2014       /s/ Paul J. Garrity
                                            Paul J. Garrity
                                            Bar No. 905
                                            14 Londonderry Road
                                            Londonderry, NH 03053
                                            603-434-4106
                                            garritylaw@myfairpoint.net

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 17th day of September, 2014, a copy of the within Defendant Motion for a Booker Variance and Sentencing Memorandum has been efiled to all parties of record and mailed, postage prepaid, to Angel Rivera.

                                                              /s/ Paul J. Garrity